PD-0837-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/7/2015 1:35:14 PM
Accepted 8/11/2015 1:48:39 PM
ABEL ACOSTA
CLERK

No. PD-0837-15

In The

# Court of Criminal Appeals

Of Texas
Austin, Texas

---

MARK FIBRANZ,

*Appellant*

VS.

THE STATE OF TEXAS,

*Appellee*

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
*from the Court of Appeals for the*
*Fifth District of Texas at Dallas*
*in Cause No. NO. 05-14-01203-CR;*
*On appeal from Dallas County Criminal Court 8,*
*Dallas County, Texas in Cause No. 12-36516*

---

Mark Lassiter
BARRETT BRIGHT LASSITER LINDER PEREZ
3500 Maple Ave. Suite 400
Dallas, Texas 75129
(214) 845-7007
(214) 845-7006 fax
mark@lomtl.com
State Bar Number 24055821

FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

I

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES, COUNSEL, AND JUDGES

Mark Fibranz, Appellant

Mark T. Lassiter, Attorney for Appellant on Appeal and on Discretionary Review
3500 Maple Ave. Suite 400
Dallas, Texas 75129
(214) 845-7007
(214) 845-7006 fax
mark@lomtl.com
State Bar Number 24055821

Law Office of Deandra M. Grant, P.C.
Deandra Grant, Attorney for Appellant on Motion to Suppress
Laura Buehner, Attorney for Appellant on Motion to Suppress
800 E. Campbell Road, Suite 110
Richardson, Texas 75081
(972) 943-8500

Susan Hawk, Dallas County District Attorney, Attorney for Appellee,
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3600
(214) 653-3643 fax

Lisa McMinn, State Prosecuting Attorney,
P.O. Box 13046
Austin, Texas 78711-3046
(512) 463-1660
(512) 463-5724
email - Lisa.McMinn@spa.texas.gov and information@spa.texas.gov.

Hon. Tina Yoo, Presiding Judge at Trial, Dallas County Criminal Court
No. 8,
133 N. Riverfront Blvd.,
Dallas, Texas 75207-4399

# TABLE OF CONTENTS

IDENTITY OF PARTIES ........................................................................................ II

TABLE OF CONTENTS ....................................................................................... III

INDEX OF AUTHORITIES ................................................................................... IV

STATEMENT OF THE CASE ................................................................................. 1

STATEMENT OF THE PROCEDURAL HISTORY ............................................. 1

GROUND FOR REVIEW ........................................................................................ 2

     THE COURT OF APPEALS ERRED BY HOLDING THE RULING WAS
     REASONABLY SUPPORTED BY THE RECORD

REASONS FOR REVEIW ....................................................................................... 2

ARGUMENTS AND AUTHORITIES .................................................................... 3

PRAYER ................................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................ 8

     APPENDIX ................................................................................................... 9

     *Fibranz v. State*, No. 05-14-01203-CR (Tex.App. – Dallas, delivered June
     10, 2015)(not designated for publication)

# INDEX OF AUTHORITIES

## CASES

*Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex.Crim.App.2008) .....................passim

*State v. Duran*, 396 S.W.3d 563, 568-70 (Tex.Crim.App.2013).......................passim

*Fibranz v. State*, No. 05-14-01203-CR (Tex.App. – Dallas, delivered June 10, 2015)(not designated for publication) ................................................................passim

## RULES AND STATUTORY PROVISIONS:

TEX.R.APP.P. 66.3(c)......................................................................................... 2

## STATEMENT OF THE CASE

Appellant, Mark Fibranz, was charged in Cause No. M12-36516 with the offense of Driving While Intoxicated (DWI). A motion to suppress the detention of the Appellant was held on September 2, 2014, before County Criminal Court Eight (8) of Dallas County, Texas, at which time Appellant's motion was denied. The Appellant pled guilty to the offense of DWI on September 2, 2014. The trial court set Appellant's punishment at one hundred and eighty (180) days in jail, probated for eighteen (18) months and a $1000.00 fine. Appellant filed for and gave timely Notice of Appeal to the Court of Appeals for the Fifth Supreme Judicial District of Texas on September 10, 2014.

## STATEMENT OF THE PROCEDURAL HISTORY

Appellant presented a single issue in his brief. The Court of Appeals delivered its opinion affirming Petitioner's conviction on June 10, 2015 in *Fibranz v. State*, No. 05-14-01203-CR (Tex.App. – Dallas, delivered June 10, 2015)(not designated for publication). The Court of Appeals ordered that it's opinion not be published. No motion for rehearing was filed. On August 7, 2015, Petitioner's counsel filed this his petition for discretionary review by this Court.

## GROUND FOR REVIEW

IF VIDEO EVIDENCE CONTRADICTS TESTIMONY IN A HEARING, IS A FINDING THE HEARING TESTIMONY IS ACCURATE REASONABLY SUPPORTED BY THE RECORD

## REASONS FOR REVIEW

Review is proper because the Court of Appeals has decided an important question of State law in conflict with the applicable decisions of this Court under Tex.R.App.P. 66.3(c). Namely: *Ramos v. State*, 245 S.W.3d 410 (Tex.Crim.App.2008).

# ARGUMENT & AUTHORITIES

In the trial court the officer gave three reasons for pulling over the Appellant: speeding, failing to use a turn signal and reckless driving. The trial court ruled there was no speeding or reckless driving violation. *Fibranz*, slip op. pp. 1. It also ruled the motion should be denied as there was a violation for no turn signal. *Id.*

However, the defense argues the officer was not aware that a turn signal was not used until after he reviewed his in-car video. On video the officer claims to have seen the Appellant fail to signal while changing lanes after the Appellant squealed his tires driving from an intersection. But, the video also shows the Appellant using his signal properly during that time. In the motion to suppress hearing, the officer changed his story claiming he observed the failure to signal before squealing of the tires, in direct contrast to his statement to the defendant on video.

Thus, the evidence presented showed a direct conflict between the testimony of the officer in the hearing, and what he explained to the defendant he saw at the time the defendant was detained. No questions were asked about this apparent conflict, thus there is no testimony explaining the contrasting statements.

The question the Appellant posed to the Court of Appeals was did the officer have knowledge of a failure to use a left turn signal before, **or after**, the traffic stop. The Court of Appeals essentially held the trial court was free to ignore the contradicting evidence on the video.

The Court of Appeals reasoned that because the officer's testimony in the motion to suppress hearing was clear that he had observed the defendant fail to signal a left turn prior to the squealing of the tires, the traffic stop was valid. *Fibranz*, slip op. pp. 4. The court also held, in response to the Appellant's appeal about the conflicting statements, *even if the statements made by the officer on video at the scene were inconsistent, the trial court is free to disbelieve any of that testimony. Id* (emphasis added).

This Court's decision in *Duran*, made it clear an officer must have actual knowledge of an offense before a detention is valid. He cannot substantiate a detention by information learned after the stop by watching an in-car video and noticing additional violations.

> "Information that the officer either acquired or noticed after a detention or arrest cannot be considered. A detention is either good or bad at the moment it starts. *State v. Duran*, 396 S.W.3d 563, 568-70 (Tex.Crim.App.2013)."

The Defendant argues that when there is video evidence *in direct contradiction* to the officer's statements as to what he was aware of; any ruling contrary to that video evidence is not reasonably supported by the

record. "[T]he trial court's ruling will be upheld if it is reasonably supported by the record...." *Ramos v. State,* 245 S.W.3d 410, 417–18 (Tex.Crim.App.2008).

The Court of Appeals, in it's analysis, ignored the recitation by the officer as to what he was aware of and when he became aware of it. It also claims the word "then" is inaudible. *Fibranz,* slip op. pp. 3. However, even if the word "then" is inaudible, as the Court of Appeals claims (which the defense disagree with), the statement made by the officer still represents exactly what he saw *and the order in which he saw it.* The officer gives a detailed explanation of exactly what happened from his viewpoint. The relevant portion is transcribed below.

State's Exhibit 1 – Officer's in-car video:

Officer: Do you know why you were stopped?

...

Fibranz: I was driving fast.

Officer: Anything else?

Fibranz: No sir.

Officer: You made that left hand turn over there on the service road, **squealing your tires**, high rate of speed, **drew my attention**, *("THEN," inaudible according to the COA)*

-5-

left hand turn and drove all the way into the right lane after entering the center lane, **no signal**, do you know what I'm saying. (Video admitted, 22:6:49 – 22:07:30)(emphasis added).

The officer clearly states **what drew his attention was the squealing of the tires**. The only time he mentions not using a signal is during the defendant's driving **after the squealing** while changing lanes. He said nothing about not using a signal before making the turn and before squealing his tires on a wet roadway. Based on this statement we know exactly what the officer saw and it was **ALL** after the squealing of the tires. Thus, the officer would not be aware of the only violation that supported the stop, which was failure to use a turn signal before coming to the intersection in which the defendant squealed his tires.

The Court of Appeals holding is that Texas courts are entitled to choose which version of the story they believe if there is conflicting testimony, as there is in this case. However, **when there is direct evidence establishing what the officer knew, the defense argues it is not reasonable to find a direct conflicting version is more accurate.** While the defense understands Texas courts are free to make decisions regarding the veracity of a witness, this situation is different. Here, the trial court was

asked by the State to ignore direct evidence that did not support it's position in order to validate a detention.

Trial courts should not be able to ignore evidence simply to support an otherwise invalid stop. There is a reason it is well-established by this Court that the "ruling MUST be reasonably supported by the evidence." In this case, it is not.

## PRAYER FOR RELIEF

For the reasons stated in this petition, Appellant respectfully prays that this Court grant discretionary review, find that the Court of Appeals erred, reverse the opinion and judgment of the Court of Appeals, grant the relief requested in this petition, and remand this case back to the trial court for further proceedings.

Respectfully submitted,

MARK T. LASSITER

3500 Maple Ave.
Suite 400
Dallas, Texas 75219
214/845-7007
214/845-7006 fax
mark@lomtl.com
State Bar No. 24055821

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Petition for Discretionary Review was delivered to both the Dallas County District Attorney's Office (by email to michael.casillas@dallascounty.org), and the State Prosecuting Attorney (by email to Lisa.McMinn@spa.texas.gov), on this the 7th day of August, 2015.

MARK T. LASSITER

## CERTIFICATE OF COMPLIANCE

This certifies that this document complies with the type-volume limitations because this document is computer-generated and does not exceed 4,500 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 929 words in the document except in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using 14-point font. See Tex. Rule App. Proc. 9.4 (2014).

MARK T. LASSITER

# APPENDIX

1.    *Fibranz v. State*, No. 05-14-01203-CR (Tex.App. – Dallas, delivered June 10, 2015)(not designated for publication)

Affirmed and Opinion Filed June 10, 2015

In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-14-01203-CR

MARK PATRICK FIBRANZ, Appellant
V.
THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 8
Dallas County, Texas
Trial Court Cause No. M12-36516

# MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Mark Patrick Fibranz appeals his conviction for driving while intoxicated. In a single issue, he argues the trial court erred in denying his motion to suppress. We affirm.

## I. Background

Fibranz was pulled over for speeding, failing to use a turn signal, and reckless driving, and was subsequently arrested and charged with driving while intoxicated. He filed a motion to suppress the traffic stop evidence that led to his arrest claiming the traffic stop was made without reasonable suspicion or probable cause.

The trial court conducted a hearing and denied the motion. In so doing, the judge stated, "[T]he violation for which this motion to suppress is being denied is the no-left-turn." Fibranz then pled guilty to DWI, and the trial court set his punishment at one hundred eighty days in jail probated for eighteen months and a $1,000 fine.

## II. Standard of Review

When reviewing the trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes fact findings we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Id.* at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

### Analysis

Fibranz argues the trial court erred in denying the motion to suppress because the evidence shows the officer was not aware of his failure to signal until after the officer initiated the stop.[1] We disagree.

A videotape of the stop was admitted into evidence at the hearing. Officer Gary Fisher testified that he was on his way home at approximately 10:05 p.m. on November 27, 2012. As he approached the intersection of Riverside and Valley View he saw what was later identified as Fibranz's vehicle traveling northbound at a high rate of speed. Officer Fisher tried to catch up to the vehicle. As the vehicle turned into the left lane, Officer Fisher stayed in the right lane and ran the license plate. He "noticed that [the vehicle] was in the left turn lane, no signal . . . ." When Fibranz turned, "he squealed his tires, and it was loud." So he figured he should stop Fibranz just to make sure "he was o.k." and the vehicle was not stolen. Officer Fisher said that he stopped the vehicle because Fibranz was in the left turn lane without a signal and because he

---

[1] The State did not favor us with a brief.

-2-

heard Fibranz squeal his tires. Officer Fisher observed that "[m]ost people don't squeal their tires with a police officer sitting next to them." After he stopped Fibranz, he "got some indication that he may have been intoxicated," so he called a DWI officer to the scene. Fibranz's failure to signal while in the left lane before making a left turn is apparent in the video.

Fibranz argues that the officer's statements on the videotape contradict his testimony at the hearing. According to Fibranz, when the officer explains in the video why he pulled Fibranz over, he states that he first heard the tires squeal and **then** observed Fibranz fail to use a turn signal. Since the video demonstrates that Fibranz did use his signal after he squealed the tires, Fibranz claims the officer did not see him fail to use a signal and his testimony at the hearing is not credible.

An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011) (noting officer must have reasonable suspicion before making traffic stop). The failure to use a turn signal is a traffic violation. TEX. TRANSP. CODE ANN. § 545.104 (West 2011).

Having reviewed the video and the testimony at the hearing, we conclude the trial court did not err in denying the motion to suppress. First, if the officer used the word "then" to describe the sequence of events that led to the stop, it is not audible in the video. The officer states:

> You made that left hand turn over there on the service road, squealing your tires, high rate of speed, drew my attention. Left hand turn and drove all the way into the right lane after entering the center lane, no signal, do you know what I'm saying . . . .

The video shows Fibranz in the left turn lane with no signal. After turning left, he turns into the center lane, signals right, and moves into the right lane to exit.

The officer's testimony is clear; he stopped Fibranz because he failed to signal left and because of the squealing tires. Defense counsel devoted most of the officer's cross-examination to his testimony about speeding, and did not suggest any inconsistencies between the audio portion of the videotape and his testimony at the hearing.

Moreover, even if the officer's testimony and the video statement were inconsistent, the trial court was in the best position to evaluate Officer Fisher's testimony, and could believe or disbelieve any or all of that testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not err in denying the motion to suppress.

We overrule Fibranz's sole issue and affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
141203F.U05

/Bill Whitehill/ _____
BILL WHITEHILL
JUSTICE

# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MARK PATRICK FIBRANZ, Appellant

No. 05-14-01203-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 8, Dallas County, Texas
Trial Court Cause No. M12-36516.
Opinion delivered by Justice Whitehill. Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 10, 2015.

–5–